

THOMAS M. HERLIHY (SBN 83615)
1  JOHN T. BURNITE (SBN 162223)
   KELLY, HERLIHY & KLEIN LLP
2  44 Montgomery Street, Suite 2500
   San Francisco, CA 94104-4798
3  Tel.: (415) 951-0535
   Fax: (415) 391-7808
4

5

   Attorneys for Defendant
6  UNUM GROUP (Formerly known
   as UNUMPROVIDENT CORPORATION)
7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12  JO ANNE WHITMAN,                        )  Case No.:
                                            )
13              Plaintiff,                   )  **NOTICE OF REMOVAL OF ACTION TO**
                                            )  **FEDERAL COURT**
14      vs.                                  )
                                            )
15  UNUM PROVIDENT CORPORATION, and          )
16  DOES 1 through 100, inclusive,           )
                                            )
17  _____Defendant_____

18

19

20

21

22

23

24

25

26

27

28
                                              ORIGINAL

                        **NOTICE OF REMOVAL**

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        Please take notice that, pursuant to 28 U.S.C. sections 1332, 1441 and 1446, defendant

3    UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION) ("Unum") hereby

4    removes to the United States District Court for the Northern District of California the state court

5    action described below ("the action") on the grounds that (1) there is complete diversity of

6    citizenship between plaintiff Jo Anne Whitman ("plaintiff"), a citizen of the State of California,

7    and Unum Group, a citizen of the state of Delaware, incorporated in the State of Delaware and

8    having its principal places of business in Chattanooga, Tennessee, and Portland, Maine; (2) the

9    amount in controversy in the action exceeds the jurisdictional minimum of $75,000, as required

10   by section 1332(a); (3) this court has federal question jurisdiction in that the action arises under

11   the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et

12   seq.*; and (4) the foregoing facts were true at the time the complaint in this matter was filed and

13   they remain true as of the date of filing of this Notice of Removal.

## I.

## DIVERSITY JURISDICTION

16   1.        On or about July 3, 2007, plaintiff filed a complaint in the Superior Court of the

17   State of California in and for the County of Marin entitled "*Jo Anne Whitman, plaintiff v.

18   UnumProvident Corporation, and Does 1-100, Defendants*," Case No. CIV 073128.

19   2.        Unum first received a copy of the summons and the complaint on July 11, 2007

20   through service of process. Various other generic Marin Superior Court documents also were

21   served with the complaint. True and complete copies of the summons, complaint, and other

22   forms received by Unum are attached hereto as Exhibit 1.

23   3.        Unum has not been served with, nor has it received, any other pleadings

24   pertaining to the action other than those included in Exhibit 1. Unum is informed and believes,

25   and thereon allege, that other than the pleadings attached to this notice of removal, there have

26   been no further pleadings, process, or orders filed in this action.

27   4.        Unum has filed this notice of removal within 30 days of receipt by any defendant

28   of plaintiff's state court complaint.

-1-

1    5.    This court has jurisdiction over this action under the provisions of 28 U.S.C., §

2    1332, and the action may be removed pursuant to the provisions of 28 U.S.C., § 1442(b), in that

3    it is a civil action between citizens of different states and the matter in controversy exceeds the

4    sum of $75,000, exclusive of interest and costs, as set forth more fully below.

5    6.    Plaintiff is a resident of California. (Complaint, 1:20-21)

6    7.    Unum Group is, and at the time of the filing of this action was, a citizen of the

7    State of Delaware, incorporated in the State of Delaware and having its principal places of

8    business in Chattanooga, Tennessee, and Portland, Maine.

9    8.    In the complaint, plaintiff alleges that she is entitled to disability benefits under

10   insurance policy no. 358672. (Complaint 2:13-14). The policyholder for this group policy is

11   The Trustees of the Independent School Group Life and LTD Insurance Trust. Plaintiff was a

12   teacher. (Complaint, 3:2-4)

13   9.    This court's jurisdictional minimum of an amount in controversy in excess of

14   $75,000 is satisfied as follows:

15         (a)    By filing the complaint in Superior Court, plaintiff represents that she is

16   entitled to recover damages in excess of the minimum superior court jurisdictional threshold of

17   $50,000.

18         (b)    Plaintiff seeks to recover monthly disability benefits under the policy.

19   Although Unum denies plaintiff is entitled to recover such damages, the court may consider the

20   potential for such a recovery in this action in determining whether the amount in controversy

21   requirement is met for purposes of removal. Plaintiff alleges that she is entitled to 60 % of her

22   predisability basic monthly earnings. (Complaint, 2:13-16). Without accounting for any

23   applicable offset(s), plaintiff therefore alleges that she should be paid $2,361.75 per month.

24   Plaintiff alleges that the insurance policy covers her disability from her regular occupation for

25   the first 36 months (Complaint, 2:19-20) and thereafter the policy covers her disability from any

26   gainful occupation (Complaint, 2:20-22). The maximum benefit period under the applicable

27   policy is to plaintiff's 65th birthday. Plaintiff alleges that she became disabled in May 2002.

28   (Complaint, 3:1-2).

-2-
NOTICE OF REMOVAL

1    (c)    Plaintiff claims to have suffered emotional injury due to Unum's alleged

2  failure to pay benefits due, for which she claims damages in an amount to be shown at trial.

3  (Complaint, 5:13-15, 6:7-9, 18-21)  Although Unum denies plaintiff is entitled to recover such

4  damages, the court may consider the potential for such a recovery in this action in determining

5  whether the amount in controversy requirement is met for purposes of removal.

6    (d)    Plaintiff seeks an award of general and special damages according to

7  proof.  Given the nature of the allegations contained in the complaint, it is probable that

8  plaintiff's request for general damages alone would exceed the jurisdictional limit of this court.

9    (e)    Under plaintiff's claim for breach of the implied covenant of good faith

10  and fair dealing, she may claim future benefits under the policy to her 65th birthday, discounted

11  to present value.  Subject to applicable offsets, and discount to present value, such alleged

12  damages exceed $100,000.00.

13    (f)    Plaintiff claims she is entitled to an award of exemplary damages against

14  Unum because its conduct allegedly was oppressive, fraudulent, and malicious.  (Complaint,

15  6:13-16, 25.)  "Where both actual and punitive damages are recoverable under a complaint each

16  must be considered to the extent claimed in determining jurisdictional amount." *Bell v.*

17  *Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

18  Considering the allegations in the complaint, plaintiff's request for punitive damages must be

19  included in calculating whether the jurisdictional limit is met in this case for purposes of

20  removal.

21    (g)    Plaintiff claims she is entitled to attorney's fees in amount to be

22  determined.  (Complaint, 6:22)

23    (h)    Plaintiff also seeks an award of "statutory interest" on her alleged

24  damages.  (Complaint, 6:24).  The court should consider the potential recovery of interest in

25  assessing the amount in controversy.

26    10.    In light of plaintiff's request for accrued benefits allegedly owed, general and

27  compensatory damages, punitive damages, interest, and attorney's fees, it is more likely than not

28  that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

-3-
**NOTICE OF REMOVAL**

1  *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir., 1996) [citing *Tapscott v. MS*

2  *Dealer Serv. Corp.,* 77 F3d 1353, 1357 (11th Cir., 1996.)

## II.

## FEDERAL QUESTION JURISDICTION

5      11.    This is a civil action over which the court has original jurisdiction under 28

6  U.S.C. section 1331, and is one that may be removed by Unum to this court pursuant to the

7  provisions of 28 U.S.C. section 1441(b), in that plaintiff's purported claims appear to arise under

8  and are governed by The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

9  ("ERISA") and support removal based on federal question jurisdiction.  28 U.S.C. § 1331; 29

10  U.S.C. § 1001 *et seq.*; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57, 107 S.Ct. 1549, 95

11  L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d

12  55 (1987).

13      12.    Plaintiff alleges that she is covered under insurance policy no. 358672.

14  (Complaint 2:13-14).  The Trustees of the Independent School Group Life and LTD Insurance

15  Trust is the named policyholder for this group insurance policy.  The policy is related to

16  plaintiff's employment.  The Summary Plan Description describes the Plan as a welfare benefit

17  plan for purposes of ERISA.

18      13.    ERISA preempts plaintiff's complaint and this court has federal question

19  jurisdiction, pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1001 *et seq*.  Therefore,

20  removal is proper.

## III.

## CONCLUSION

23      14.    On the basis of diversity jurisdiction *and* federal question, as set forth above,

24  Unum seeks removal of this action from the Superior Court of the State of California in and for

25  the County of Marin, in which it is now pending, to the District Court of the United States for the

26  Northern District of California, San Francisco Division.

27  //

28  //

-4-

NOTICE OF REMOVAL

1

KELLY, HERLIHY & KLEIN LLP

2

3    Dated: August 10, 2007               By _____

4                                             Thomas M. Herlihy

5                                             John T. Burnite
                                              Attorneys for Defendant
6                                             UNUM GROUP (Formerly known as
                                              UNUMPROVIDENT CORPORATION)

7

8    E:\27193\P01.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

**EXHIBIT 1**

RECEIVED 7/11/07 @ 3:25P

**SUMMONS**
*(CITACION JUDICIAL)*

JUL 13 2007

LAW DEPT.

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNUM PROVIDENT CORPORATION, and DOES 1 through 100, inclusive

FILED

JUL - 3 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: L. Mauga  Deputy*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JO ANNE WHITMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California County of Marin <br> 3501 Civic Center Drive, Rm. 116 <br> P.O. Box 4988 <br> San Rafael, CA 94913 | **CASE NUMBER:** *(Número del Caso):* <br> CV 073128 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL S. HENDERSON                                                    (707) 525-1212
TEAL & MONTGOMERY
815 Fifth Street, Suite 200
Santa Rosa, CA  95404

| | | | | |
|---|---|---|---|---|
| DATE:    JUL - 3 2007 | KIM TURNER | Clerk, by | **L. MAUGA** | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

SEAL

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  UNUM PROVIDENT CORPORATION

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal <br> Solutions <br> Plus |

Code of Civil Procedure §§ 412.20, 465

**TEAL & MONTGOMERY**
STEVEN O. TEAL (Bar No. 58454)
MICHAEL S. HENDERSON (Bar No. 175686)
815 Fifth Street, Suite 200
Santa Rosa, California 95404
Telephone: (707) 525-1212
Facsimile: (707) 544-1388

ATTORNEYS FOR PLAINTIFF

RECEIVED
JUL 13 2007
LAW DEPT

FILED
JUL - 3 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Mauga Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| JO ANNE WHITMAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM PROVIDENT CORPORATION, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV '073128<br><br>**COMPLAINT FOR DAMAGES**<br><br>**BY FAX** |

Plaintiff JO ANNE WHITMAN, for her complaint against defendants UNUM Provident Corporation and DOES 1 through 100, inclusive, states as follows:

1.    At all times relevant herein, plaintiff Jo Anne Whitman has resided and continues to reside in Marin County, California.

2.    Upon information and belief, defendant UNUM Provident Corporation ("UNUM") is a business entity incorporated under the laws of the State of Delaware with its principal place of business located in Chattanooga, Tennessee. At all times relevant herein, UNUM conducted business in the State of California as an insurance carrier, and marketed, advertised, distributed and sold its policies in the State of California.

///

3. The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show the true names and capacities of these defendants when the same have been ascertained.

4. At all times mentioned, each of the defendants named herein as a DOE was, and still is, legally responsible in some manner for the events and happenings herein alleged, and legally caused all of the injuries and damages to plaintiff as herein alleged.

5. At all times herein mentioned, defendants, and each of them, were the agents, servants or employees of each of the other, and were acting within the course and scope of their agency and employment. To the extent that DOES 1 through 100 were not acting in the capacity of an agent servant or employee, they are sued herein in their individual capacities.

6. UNUM issued a disability insurance policy, policy #358672, under which plaintiff Jo Anne Whitman is insured (the "disability policy"). Under the disability policy, plaintiff is entitled to receive 60% of her pre-disability basic monthly earnings in the event she becomes disabled. The disability policy states that an insured is disabled when: (1) the insured is limited from performing the material and substantial duties of his or her regular occupation due to sickness or injury; and (2) the insured has a 20% or greater loss of their indexed monthly earnings due to the same sickness or injury. This definition of disability is applied for the first 36 months of the insured disability. Thereafter, the disability policy defines disability to mean that the insured is unable to perform the duties of any gainful occupation for which the insured is reasonably fitted by education, training or experience. "Material and substantial duties" is defined by the disability policy to mean those duties that are normally required for the performance of the insureds regular occupation and which cannot be reasonably admitted or modified. "Regular occupation" is defined by the disability policy to mean the occupation of the insured is routinely performing when their disability begins. Disability benefits commence after the first 180 days of disability.

///

2                                      COMPLAINT FOR DAMAGES

7.    In May of 2002, plaintiff Jo Anne Whitman became disabled due to hyperacusis
and tinnitus causing disabling headaches, vertigo and imbalance. Due to this medical condition
and resulting functional limitations, plaintiff has been completely unable to return to her pre-
disability occupation of a teacher. Plaintiff's medical condition and resulting functional
limitations further prevent her from performing any other occupation for which she would be
reasonably fitted by education, training and experience.

8.    UNUM initially approved and paid disability benefits to plaintiff. However, on
March 14, 2003, UNUM wrote to plaintiff stating that benefits would not be paid beyond
January 1, 2003. At the time of this letter, plaintiff was still entitled to disability benefits under
the policy, and UNUM's refusal to pay benefits beyond January 1, 2003 was a breach of its
obligations under the policy.

9.    Plaintiff appealed UNUM's decision. On July 1, 2003, UNUM wrote to plaintiff
confirming its decision to refuse further disability benefits. At the time of this decision, plaintiff
was still entitled to disability benefits under the policy, and UNUM's refusal to pay such benefits
was a breach of its obligations under the disability policy.

10.    Plaintiff, once again, appealed UNUM's decision. On October 9, 2003, UNUM
wrote to plaintiff stating that it had completed its appeal review and had determined that its
decision to refuse further disability benefits would be confirmed. At the time of this decision,
plaintiff was still entitled to disability benefits under the policy, and UNUM's refusal to pay such
benefits was a breach of its obligations under the policy.

11.    Plaintiff, once again, appealed UNUM's decision. On April 6, 2004, UNUM
wrote to plaintiff rejecting, again, her request that disability benefits be paid and confirming the
previous decision to terminate such benefits. At the time of this decision, plaintiff was entitled to
disability benefits under the policy, and UNUM's refusal to pay such benefits was a breach of its
obligations under the policy.

12.    On or about February 14, 2005, UNUM wrote to plaintiff advising her that as part
of an agreement between UNUM and insurance regulators in forty-nine (49) jurisdictions as well
as the United States Department of Labor, UNUM had agreed to reassess certain disability claims

3                                COMPLAINT FOR DAMAGES:

1  which were denied or terminated on or after January 1, 2000. Plaintiff's claim fell within the

2  group of claims UNUM had agreed to reassess. Plaintiff was given the option to participate in

3  the claim reassessment process pursuant to the claim reassessment process, all claimants who

4  elected to participate in the process would agree to abstain from or stay any litigation against

5  UNUM until the completion of the process. It was further agreed that the statute of limitations

6  would be tolled during the pendency of the claim reassessment process and that if the process

7  resulted in a negative decision to the claimant, litigation could thereafter be commenced without

8  waiver of or prejudice to the claimants rights.

9          13.     Plaintiff promptly informed UNUM that she would participate in a claims

10  reassessment process. On February 23, 2005, UNUM wrote to plaintiff advising that it had

11  received plaintiff's election to participate in the claim reassessment process. UNUM further

12  advised plaintiff that claims with the oldest denial or closure dates would be assessed first and

13  that process could take two (2) years or more. UNUM advised it would send plaintiff a letter

14  closer when her particular claim would be reassessed.

15         14.     On September 28, 2006, UNUM wrote plaintiff advising that it was now ready to

16  begin the assessment of plaintiff's claim. UNUM asked for updated information. UNUM also

17  provided certain additional forms which it requested plaintiff fill-out and return.

18         15.     Plaintiff filled out and returned the requested forms and supplied UNUM with

19  updated medical information from her treating health care providers.

20         16.     On May 23, 2007, UNUM wrote to plaintiff advising that it had completed the

21  reassessment of her claim and had determined to confirm its decision denying her disability

22  benefits. At the time of this decision, and throughout the pendency of the reassessment process,

23  plaintiff was entitled to disability benefits under the policy. UNUM's refusal to pay such

24  benefits was breach of its obligations under the policy.

25         17.     Plaintiff continues to be entitled to disability benefits under the policy. UNUM's

26  continued refusal to pay such benefits is a breach of its obligations under the policy. Further,

27  UNUM's decision to refuse such benefits is wrongful, is without reasonable basis, proper cause,

28  and constitutes a breach of UNUM's applied covenant of good faith and fair dealing.

**I.**

## FIRST CAUSE OF ACTION
### (Breach of Contract)

1.     Plaintiff realleges each and every paragraph above as though fully set forth herein.

2.     Plaintiff is entitled to disability benefits under the policy according to its terms and conditions as construed by California law. Plaintiff has fully performed all obligations she has under the policy, accept for those which are unenforceable, or for which her performance is excused. UNUM has breached its obligation to plaintiff under the policy by wrongfully terminating plaintiff's benefits and by refusing to reinstate those benefits.

3.     As a direct and proximate result of UNUM's breach, plaintiff has suffered damages in an amount according to proof, including but unlimited to the disability benefits due and owing with interest thereon.

4.     Plaintiff has also suffered reasonably foreseeable consequential losses, including but not limited to emotional distress, financial hardship, and attorney fees and costs, all in a sum according to proof at the time of trial.

**II.**

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

1.     Plaintiff realleges each and every paragraph above as though fully set forth herein.

2.     UNUM, by engaging in the business of insurance in the State of California, is subject to the covenant of good faith and fair dealing implied by law into its disability policy.

3.     UNUM has breached the covenant of good faith and fair dealing by unreasonably withholding benefits due to plaintiff under the disability policy, and by refusing to reinstate those benefits, all without reasonable basis, proper cause, and without a reasonable timely and unbiased investigation.

///

///

COMPLAINT FOR DAMAGES:

1    4.    UNUM has further breached the implied covenant of good faith and fair dealing
2  by reasonably and unnecessarily delaying payment of benefits clearly due and owing to plaintiff
3  under the disability, and by violating its obligations under the Unfair Fair Claims Settlement
4  Practices Act set forth in California Insurance Code §790.03 et seq. and the Fair Claims
5  Settlement Practices regulations promulgated thereunder.

6    5.    As a direct and proximately result of UNUM's breach of the implied covenant of
7  good faith and fair dealing, plaintiff has sustained injury and damages, including, but not limited
8  the loss of benefits under the policy, consequential damages, emotional distress, and other
9  general special damages according to proof.

10    6.    As a further direct and proximate result of defendant's conduct, plaintiff has been
11  forced to retain the services of counsel, incurring fees and costs to secure the benefits to which
12  she is entitled under the disability policy.

13    7.    UNUM's conduct is wilful and in direct violation of California law, and of
14  UNUM's obligation to plaintiff under the disability policy. Such conduct is despicable
15  malicious, oppressive, fraudulent, intentional and was committed with the intent to vex or injure
16  plaintiff and in conscious disregard of plaintiff's rights.

17    8.    Plaintiff is therefore entitled to an award of exemplary damages.

18    **WHEREFORE,**  plaintiff prays for judgment against defendant as follows:

19    1.    Special damages according to proof;

20    2.    General damages according to proof;

21    3.    Consequential damages according to proof;

22    4.    Reasonable attorneys fees;

23    5.    Cost of suit incurred herein;

24    6.    Statutory interest;

25    7.    Punitive damages; and

26    8.    Such other and further relief as the court may deem just and proper.

27  ///

28  ///

6    COMPLAINT FOR DAMAGES

1          **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a trial by jury on all issues, claims and causes of action so

3   triable.

4   DATED:  July _2_, 2007                    TEAL & MONTGOMERY

5

6                                       By: _____

7                                            MICHAEL S. HENDERSON
                                             Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7                    COMPLAINT FOR DAMAGES




**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

JUL - 3 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Manger, Deputy

| PLAINTIFF: WHITMAN | CASE NO. CV 073128 |
|---|---|
| vs. | **NOTICE OF CASE** |
| DEFENDANT: UNUM | **MANAGEMENT CONFERENCE** **(CIVIL)** |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge ___TERRENCE R. BOREN___, Department __B__. This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

    a. Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service ___09 , 13 , 07___ 9:00 A.M.

    Hearing on Failure to Answer ___10 , 12 , 07___ 9:00 A.M.

    b. Appear for a Case Management Conference on ___11 , 26 , 07___ 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Statement must be filed by __11 , 07 , 07__**

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and Judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early and less expensive stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR-101 within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):* | *FOR COURT USE ONLY* |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA 94913-4988 | . |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER:<br>. |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

. Dated            Attorney For

Dated            Attorney For

CM-020

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br><br>— <br><br>**TELEPHONE NO.:**       **FAX NO.** *(Optional):*<br>**E-MAIL ADDRESS** *(Optional):*<br>**ATTORNEY FOR** *(Name):* | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br><br>    **STREET ADDRESS:**<br>    **MAILING ADDRESS:**<br>    **CITY AND ZIP CODE:**<br>    **BRANCH NAME:** | |
|   **PLAINTIFF/PETITIONER:**<br><br>**DEFENDANT/RESPONDENT:** | |
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:** |
| **APPLICATION** | **HEARING DATE:**<br>**DEPT.:**       **TIME:** |

1. Applicant *(name):*

  is

  a. ☐   plaintiff

  b. ☐   cross-complainant

  c. ☐   petitioner

  d. ☐   defendant

  e. ☐   cross-defendant

  f. ☐   respondent

  g. ☐   other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*

3. Applicant requests that the court grant an order extending time for service of the following pleading:

  a. ☐   Complaint

  b. ☐   Cross-complaint

  c. ☐   Petition

  d. ☐   Answer or other responsive pleading

  e. ☐   Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

  a. ☐   None

  b. ☐   The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*

Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2007]

**EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7.  The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8.  An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9.  If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1.  The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2.  The pleading must be served and filed no later than *(date):*
3.  ☐ The case management conference is rescheduled to:
    a. Date:
    b. Time:
    c. Place:
4.  Other orders:

5.  A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2007]

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS**

Page 2 of 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:       FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   **STREET ADDRESS:**
   **MAILING ADDRESS:**
   **CITY AND ZIP CODE:**
   **BRANCH NAME:**

   PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE** <br> (Amount demanded    (Amount demanded is $25,000 <br> exceeds $25,000)    or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action):*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Page 1 of 4<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:        • | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐·  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial     *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]
**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)
                                         ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS.<br>CITY AND ZIP CODE.<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| | CASE NUMBER |
|---|---|
| **NOTICE OF STAY OF PROCEEDINGS** | JUDGE: |
| | DEPT.: |

## To the court and to all parties:

1. Declarant *(name):*

    a. ☐  is ☐  the party  ☐  the attorney for the party  who requested or caused the stay.

    b. ☐  is ☐  the plaintiff or petitioner ☐  the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

    a. ☐  With regard to all parties.

    b. ☐  With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

    a. ☐  Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

    b. ☐  Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐  Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐  Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐  Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                        FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>  STREET ADDRESS:<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:<br>  BRANCH NAME: | |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is
   a. ☐ the party  ☐ the attorney for the party  who requested or caused the stay.
   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.650<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:               c. Name of person served:

   Street address:                          Street address:
   City:                                    City:
   State and zip code:                      State and zip code:

   b. Name of person served:               d. Name of person served:

   Street address:                          Street address:
   City:                                    City:
   State and zip code:                      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER:<br>JUDGE:<br>DEPT.: |
|---|---|

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional**. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional**. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐  (1) Date:
         (2) Time:
         (3) Department:

4. Trial date:
   a. ☐  No trial date set.
   b. ☐  (1) Date:
         (2) Time:
         (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)                          (SIGNATURE)

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-200 [Rev. January 1, 2007] | NOTICE OF SETTLEMENT OF ENTIRE CASE | Cal. Rules of Court, rule 3.1385<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-200**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

    a. Name of person served:                 c. Name of person served:

       Street address:                           Street address:
       City:                                     City:
       State and zip code:                       State and zip code:

    b. Name of person served:                 d. Name of person served:

       Street address:                           Street address:
       City:                                     City:
       State and zip code:                       State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                  (SIGNATURE OF DECLARANT)

ADR-100

| MEDIATOR (Name and Address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT<br><br>☐ First    ☐ Supplemental | CASE NUMBER: |
|---|---|

NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1. This case was filed on *(date if known)*:

2. I was selected as the mediator in this matter on *(date)*:

3. Mediation *(check one)*:
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information)*:

   b. ☐ took place on *(date or dates)*:
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one)*:
   a. ☐ in full agreement by all parties on *(date)*:
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
          on *(date)*:
      (2) ☐ in full agreement as to limited issues on *(date)*:
   c. ☐ in nonagreement.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF MEDIATOR)

NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Page 1 of 2

STATEMENT OF AGREEMENT OR NONAGREEMENT

Code of Civil Procedure, §§ 1738, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

### PROOF OF SERVICE
☐ Mail   ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:



         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:


      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____         _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

### PROOF OF SERVICE FOR
### STATEMENT OF AGREEMENT OR NONAGREEMENT

(

NAME OF COURT:

# ADR Information Form

This form should be filled out and returned,
within 10 days of the resolution of the dispute, to: ▶

1. Case name: _____ No. _____

2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other (specify): _____

3. Date complaint filed _____   Date case resolved _____

4. Date of ADR conference _____   5. Number of parties _____

6. Amount in controversy   ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 (specify):_____

7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| (   ) | (   ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney              ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other (specify): _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other (specify): _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using
this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 (specify): $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the
additional cost:

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 (specify): $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a
result of this case being referred to this dispute resolution process:

☐ 0   ☐ 1 day   ☐ more than 1 day (specify): _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of additional
court days:

☐ 0   ☐ 1 day   ☐ more than 1 day (specify): _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]

**ADR INFORMATION FORM**

American LegalNet, Inc.
www.USCourtForms.com