THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendant
UNUM GROUP (Formerly known
as UNUMPROVIDENT CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JO ANNE WHITMAN,

        Plaintiff,

    vs.

UNUM PROVIDENT CORPORATION, and
DOES 1 through 100, inclusive,

        Defendant

Case No.: C07-4127 EDL

**ANSWER BY UNUM GROUP TO
PLAINTIFF'S COMPLAINT**

1    Defendant Unum Group (formerly known as UnumProvident Corporation) ("defendant")

2    answers the complaint ("complaint") filed by plaintiff Jo Anne Whitman ("plaintiff") in this

3    action as follows:

4    1.    Answering the allegations of paragraph 1 of the complaint, defendant admits that

5    plaintiff is a resident of Marin County, California. Except as so admitted, defendant denies the

6    remaining allegations in paragraph 1.

7    2.    Answering the allegations of paragraph 2 of the complaint, defendant admits that

8    it was formerly known as UnumProvident Corporation, and is incorporated in the State of

9    Delaware and has its principal place of business in Chattanooga, Tennessee, and Portland,

10    Maine. Except as so admitted, defendant denies the remaining allegations in paragraph 2.

11    3.    Answering the allegations of paragraph 3 of the complaint, defendant is without

12    knowledge or information sufficient to form a belief as to the truth of the allegations stated

13    herein, and on this basis, denies the allegations set forth in this paragraph.

14    4.    Answering the allegations of paragraph 4 of the complaint, defendant is without

15    knowledge or information sufficient to form a belief as to the truth of the allegations stated

16    herein, and on this basis, denies the allegations set forth in this paragraph.

17    5.    Answering the allegations of paragraph 5 of the complaint, defendant is without

18    knowledge or information sufficient to form a belief as to the truth of the allegations stated

19    herein, and on this basis, denies the allegations set forth in this paragraph.

20    6.    Answering the allegations of paragraph 6 of the complaint, defendant admits that

21    Unum Life Insurance Company of America issued disability insurance policy number 358672 to

22    the Trustees of the Independent School Group Life and LTD Insurance Trust, and the terms,

23    conditions, limitations, and exclusions stated in the policy speak for themselves. Except as so

24    admitted, defendant denies the remaining allegations in paragraph 6.

25    7.    Answering the allegations of paragraph 7 of the complaint, defendant admits that

26    plaintiff submitted a claim for disability benefits and claims to have been disabled since May,

27    2002. Except as so admitted, defendant denies the remaining allegations in paragraph 7.

28

**ANSWER TO COMPLAINT**

8.    Answering the allegations of paragraph 8 of the complaint, defendant admits that it determined that plaintiff was no longer eligible for disability benefits under the policy after January, 2003. Except as so admitted, defendant denies the remaining allegations in paragraph 8.

9.    Answering the allegations of paragraph 9 of the complaint, defendant admits that it sent a letter to plaintiff dated July 1, 2003 and the letter speaks for itself.   Except as so admitted, defendant denies the remaining allegations in paragraph 9.

10.    Answering the allegations of paragraph 10 of the complaint, defendant admits that it sent a letter to plaintiff dated October 9, 2003 and the letter speaks for itself.   Except as so admitted, defendant denies the remaining allegations in paragraph 10.

11.    Answering the allegations of paragraph 11 of the complaint, defendant admits that it sent a letter to plaintiff dated April 6, 2004 and the letter speaks for itself.   Except as so admitted, defendant denies the remaining allegations in paragraph 11.

12.    Answering the allegations of paragraph 12 of the complaint, defendant admits that plaintiff was notified of her eligibility to participate in a claim reassessment process.   Except as so admitted, defendant denies the remaining allegations in paragraph 12.

13.    Answering the allegations of paragraph 13 of the complaint, defendant admits that plaintiff elected to participate in the claim reassessment process, and that the parties communicated with one another. Except as so admitted, defendant denies the remaining allegations in paragraph 13.

14.    Answering the allegations of paragraph 14 of the complaint, defendant admits that the parties communicated with one another during the reassessment process. Except as so admitted, defendant denies the remaining allegations in paragraph 14.

15.    Answering the allegations of paragraph 15 of the complaint, defendant admits that the parties communicated with one another during the reassessment process. Except as so admitted, defendant denies the remaining allegations in paragraph 15.

16.    Answering the allegations of paragraph 16 of the complaint, defendant admits that it sent a letter to plaintiff dated May 23, 2007 and the letter speaks for itself. Except as so admitted, defendant denies the remaining allegations in paragraph 16.

**ANSWER TO COMPLAINT**

17.    Answering the allegations of paragraph 17 of the complaint, defendant denies the allegations.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

18.    Answering the allegations of paragraph 1 the first claim for relief, defendant incorporates its response to paragraphs 1 through 17, above.

19.    Answering the allegations of paragraph 2 of the first claim for relief, defendant denies the allegations.

20.    Answering the allegations of paragraph 3 of the first claim for relief, defendant denies the allegations.

21.    Answering the allegations of paragraph 4 of the first claim for relief, defendant denies the allegations.

### SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

22.    Answering the allegations of paragraph 1 of the second claim for relief, defendant incorporates its response to paragraphs 1 through 21, above.

23.    Answering the allegations of paragraph 2 of the second claim for relief, defendant admits that California law regarding good faith and fair dealing and the policy speaks for themselves.  Except as so admitted, defendant deny the remaining allegation in paragraph 2 of the second claim for relief.

24.    Answering the allegations of paragraph 3 of the second claim for relief, defendant denies the allegations.

25.    Answering the allegations of paragraph 4 of the second claim for relief, defendant denies the allegations.

26.    Answering the allegations of paragraph 5 of the second claim for relief, defendant denies the allegations.

27.    Answering the allegations of paragraph 6 of the second claim for relief, defendant denies the allegations.

**ANSWER TO COMPLAINT**

28.    Answering the allegations of paragraph 7 of the second claim for relief, defendant denies the allegations.

29.    Answering the allegations of paragraph 8 of the second claim for relief, defendant denies the allegations.

### PRAYER FOR RELIEF

30.    Answering the allegations in plaintiff's prayer for relief, defendant answers as follows:

a)    Answering the allegations of paragraph 1 of the prayer for relief, defendant denies the allegations.

b)    Answering the allegations of paragraph 2 of the prayer for relief, defendant denies the allegations.

c)    Answering the allegations of paragraph 3 of the prayer for relief, defendant denies the allegations.

d)    Answering the allegations of paragraph 4 of the prayer for relief, defendant denies the allegations.

e)    Answering the allegations of paragraph 5 of the prayer for relief, defendant denies the allegations.

f)    Answering the allegations of paragraph 6 of the prayer for relief, defendant denies the allegations.

g)    Answering the allegations of paragraph 7 of the prayer for relief, defendant denies the allegations.

h)    Answering the allegations of paragraph 8 of the prayer for relief, defendant denies the allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31.    As a first affirmative defense, defendant alleges that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a claim for relief against defendant.

-4-

## SECOND AFFIRMATIVE DEFENSE

32.    As a second affirmative defense, defendant alleges, on information and belief, that through plaintiff's conduct, to be determined by the court/jury as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

## THIRD AFFIRMATIVE DEFENSE

33.    As a third affirmative defense, defendant alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court/jury.

## FOURTH AFFIRMATIVE DEFENSE

34.    As a fourth affirmative defense, defendant alleges, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court/jury, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

## FIFTH AFFIRMATIVE DEFENSE

35.    As a fifth affirmative defense, defendant alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

## SIXTH AFFIRMATIVE DEFENSE

36.    As a sixth affirmative defense, defendant alleges, on information and belief, that plaintiff, as to be determined by the court/jury, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against defendants by reason of her complaint.

## SEVENTH AFFIRMATIVE DEFENSE

37.    As a seventh affirmative defense, defendant denies that plaintiff has sustained any injury or damage by any act or omission by defendant. However, if it is established that plaintiff suffered an injury or damage for which defendant is held liable, defendant alleges that such injury or damage is to be determined by the court/jury as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on her behalf and

1  that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any

2  damages plaintiff can recover from defendant in this action.

### EIGHTH AFFIRMATIVE DEFENSE

4       38.     As an eighth affirmative defense, defendant alleges that any and all losses or

5  damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be

6  determined by the court/jury as proximately caused in whole or in part by the negligence or fault

7  of persons or entities other than defendant, and for whom defendant is not responsible. The

8  negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may

9  recover from defendant in this action.

### NINTH AFFIRMATIVE DEFENSE

11       39.     As a ninth affirmative defense, defendant alleges that plaintiff, as to be

12  determined by the court/jury, failed to exercise reasonable care and diligence to mitigate her

13  damages, if she has any. As a consequence, plaintiff's claim should be barred, or alternatively,

14  any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to

15  mitigate her damages.

### TENTH AFFIRMATIVE DEFENSE

17       40.     As a tenth affirmative defense, defendant alleges that plaintiff's claims for relief,

18  as to be determined by the court/jury, are barred by the principle of unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

20       41.     As an eleventh affirmative defense, defendants allege that each and every act or

21  statement done or made by defendant, or by defendant's agents or employees, with reference to

22  plaintiff, before and after plaintiff filed her complaint, was privileged as a good faith assertion of

23  defendant's legal and contractual rights.

### TWELFTH AFFIRMATIVE DEFENSE

25       42.     As a twelfth affirmative defense, defendant alleges that plaintiff has failed to

26  allege, and cannot prove, under the clear and convincing standard, the oppression, fraud, or

27  malice required for an award of punitive damages pursuant to Civil Code section 3294.

28  //

### THIRTEENTH AFFIRMATIVE DEFENSE

43.    As a thirteenth affirmative defense, defendant alleges that an award of punitive damages would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

44.    As a fourteenth affirmative defense, defendant alleges that any award of punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### FIFTEENTH AFFIRMATIVE DEFENSE

45.    As a fifteenth affirmative defense, defendant alleges that plaintiff, by virtue of the legal doctrines of waiver and laches, is estopped from pursuing some or all of the claims alleged against defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

46.    As a sixteenth affirmative defense, defendant alleges that plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in her complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

47.    As a seventeenth affirmative defense, defendant alleges that plaintiff's purported contract damage claims, if any, are limited by the provisions of ERISA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

48.    As an eighteenth affirmative defense, defendant alleges that plaintiff's purported claims for alleged breach of contract and/or breach of the implied covenant of good faith and fair dealing are preempted by ERISA.

### NINETEENTH AFFIRMATIVE DEFENSE

49.    As a nineteenth affirmative defense, defendant alleges that it is an improper party.

ANSWER TO COMPLAINT

### TWENTIETH AFFIRMATIVE DEFENSE

50.    As a twentieth affirmative defense, defendant alleges that some or all of the claims for relief asserted by plaintiff are barred by the applicable statutes of limitations.

### TWENTY FIRST AFFIRMATIVE DEFENSE

51.    As a thirty-first affirmative defense, defendant reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE, defendant prays for judgment to in its favor as follows:

1.    That plaintiff take nothing by reason of her complaint on file herein;

2.    That defendant be awarded its costs and expenses incurred in this action;

3.    That defendant be awarded its attorneys' fees incurred in this action; and

4.    That defendant recover such other and further relief as the Court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: August 17 , 2007        By _____
                                    Thomas M. Herlihy
                                    John T. Burnite
                                    Attorneys for Defendant
                                    UNUM GROUP (Formerly known as
                                    UNUMPROVIDENT CORPORATION)

E:\27193\P05.doc

-8-

ANSWER TO COMPLAINT