STEVEN O. TEAL (SBN 58454)
MICHAEL S. HENDERSON (SNB 175608)
TEAL & MONTGOMERY
815 Fifth Street, Suite
Santa Rosa, CA  95404
Tel. (707) 525-1212
Fax:  (707) 544-1388

Attorneys for Plaintiff,
JO ANNE WHITMAN


THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.:  (415) 951-0535
Fax:  (415) 391-7808
Email: herlihy@kelher.com
       jtb@kelher.com


Attorneys for Defendant
UNUM GROUP (formerly known as
UNUMPROVIDENT CORPORATION)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JO ANNE WHITMAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNUMPROVIDENT CORPORATION, and DOES 1 through 100, inclusive,<br><br>　　　　Defendant. | Case No.:  C07-04127 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   November 29, 2007<br>Time:  11:00 a.m.<br>Ctrm.  9 (19th Floor) |

1. **Jurisdiction and Service**

The Parties agree that this court has diversity jurisdiction. However, the parties presently are unable to agree whether federal question jurisdiction applies, as the case may be governed by ERISA.

As set for the below, the parties request that limited discovery be allowed on the subject of whether plaintiff's employer established an ERISA plan, and to have a motion regarding the applicability of ERISA be heard (if the parties are unable to agree on ERISA applicability) before any other discovery or proceedings occur. Whether ERISA is applicable, or not, will affect case management of this matter.

All parties have been served and have appeared.

2. **Facts**

Unum Life Insurance Company of America ("Unum") issued a group insurance policy number 358672- 231 to the Trustees of the Independent School Group Life and LTD Insurance Trust. The policy provides coverage for "all employees of Schools of the Sacred Heart in active employment." Plaintiff was employed as a teacher for Schools of the Sacred Heart for a service period of August 29, 2001 through June 7, 2002. The policy states that a covered employee is disabled when Unum determines that "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury." After 36 months of payments for disability, the definition of disability changes: "you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonable fitted by education, training, or experience." The monthly benefit is 60% of monthly earnings, up to s specified maximum, and subject to reduction by specified deductible sources of income. There is a 180 day elimination period.

Plaintiff submitted a claim for disability benefits in February 2003. Plaintiff alleges that she has been disabled since May 2002. Plaintiff contends she has been disabled due to hyperacusis and tinnitus which she claims results in headaches, vertigo and imbalance.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

CASE NO. C07-04127 WHA

Unum paid disability benefits to plaintiff, through early January 2003. In or about March 2003, Unum wrote to plaintiff and explained why further disability benefits could not be paid beyond January, 2003. Unum also asked for additional medical information for the time frame after January 2003 to further evaluate the claim. On July 1, 2003, Unum wrote to plaintiff and explained that it determined that no further disability benefits were payable, noting among other things, that the claimed restrictions and limitations were inconsistent with plaintiff's airplane travel to Hawaii and Italy in late 2002. Plaintiff appealed in September 2003. In October 2003, Unum upheld the claim determination that no further disability benefits were due. Plaintiff appealed again, in March 2004. Unum, in approximately April 2004, upheld the claim determination.

On or about February 14, 2005, Unum wrote to plaintiff to inform her that she could have her claim reassessed pursuant to a claim reassessment process established by Unum. Plaintiff elected to participate in the claim reassessment process. On or about May 23, 2007, Unum wrote to plaintiff and explained to her why it confirmed the initial claim determination. Plaintiff filed the present lawsuit on or about July 3, 2007.

**3. Legal Issues**

- Is the matter governed by ERISA?
- If governed by ERISA, are plaintiff's claims for relief (breach of contract claim and breach of the implied covenant of good faith and fair dealing) preempted, and subject to a motion to amend the pleading to assert a claim for ERISA benefits?
- If governed by ERISA, which standard of review and scope of review will the court use regarding the administrative record?
- Whether governed by ERISA or not, is plaintiff not entitled to disability benefits under the subject insurance policy?
- If ERISA does not apply, was there a genuine dispute as to coverage when the claim determination was made which would preclude the "bad faith" claim?

-2-

- If ERISA does not apply, is there clear and convincing evidence for a claim for punitive damages? and
- Is Unum Group (formerly known as UnumProvident) a proper party?

### 4. Motions

If the parties are unable to agree on whether ERISA applies to this matter, a motion regarding the issue will be necessary.

If the matter is governed by ERISA, motions for summary judgment will be filed.

If the matter is not governed by ERISA, defendant intends to file a motion for summary judgment (or partial summary judgment) on the breach of contract, bad faith and punitive damage claims.

No other motions presently are contemplated by the parties.

### 5. Amendment of Pleadings

Amendment of the pleadings may be necessary if the matter is governed by ERISA. If ERISA applies, plaintiff will request to amend the complaint to assert a claim for benefits under ERSIA. Per the proposed schedule below, the amendment issue will become clear in approximately April 2008.

### 6. Evidence Preservation

The parties have undertaken reasonable steps to preserve evidence relevant to the issues in this matter.

### 7. Disclosures

The parties have agreed to make initial disclosures on or before November 21, 2007.

### 8. Discovery

Due to the possible applicability of ERISA in this matter, the parties propose to conduct limited discovery regarding whether an ERISA plan governs this matter. Thus, substantive discovery on the plaintiff's purported breach of contract and bad faith claims would be deferred until the ERISA issue is resolved. The parties therefore respectfully request that a further CMC hearing be set for approximately April or May 2008 when the issue of whether ERISA applies to this matter should be resolved.

-3-

**9. Class Actions**

Not Applicable.

**10. Related Cases**

There are no pending related actions.

**11. Relief**

Plaintiff seeks compensatory damages (disability benefits, attorney's fees, consequential damages and general damages) and punitive damages.  The amount of each will depend on the date on which this matter proceeds to trial.

Defendant has not made a claim for monetary relief.

**12. Settlement and ADR**

The parties have agreed that private mediation is the most appropriate ADR method for this matter.  However, the parties respectfully request that the time to complete ADR be stayed or deferred until after it is determined (either by the parties' subsequent stipulation or a motion) whether ERISA governs this matter.

**13. Consent to Magistrate Judge For All Purposes**

The parties do no consent to a Magistrate Judge for this matter.

**14. Other References**

Not applicable at this time.

**15. Narrowing of Issues**

The parties anticipate that the issues will be significantly narrowed by conducting the limited discovery identified herein, as well as the determination of whether ERISA governs this matter (either through a subsequent stipulation or motion).   Other issues may be narrowed by way of motion for summary judgment or partial summary judgment.

**16. Expedited Schedule**

The parties believe that limited discovery and an early motion to determine the applicability (or not) of ERISA is the most efficient manner to expeditiously resolve this matter. Plaintiff agrees that such motions are the most efficient means of advancing or resolving the litigation, and believe that such determination should be made in approximately April 2008.

-4-

**17. Scheduling**

The Parties propose to defer setting pretrial dates, in anticipation of first determining whether ERISA governs this matter. The parties request that a further CMC be set for approximately April or May 2008 to set a schedule which will be based on the issues remaining to be resolved.

**18. Trial**

The determination of the ERISA issue will have affect trial length and whether a jury will be allowed. Plaintiff demanded a jury trial. However, there is no right to a jury trial if the matter is governed by ERISA. Accordingly, the parties respectfully request that trial scheduling be deferred to a further CMC in approximately April or May 2008.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is currently unaware of any Non-Party Interested Entities or Persons.

Defendants filed their Certification of Interested Entities or Persons as follows: other than the named parties, there is no such interest to report.

**20. Other Matters**

None at this time.

TEAL & MONTGOMERY

Dated: November __, 2007         By _____/s/_____
                                         Michael S. Henderson
                                         Attorneys for Plaintiff
                                         Jo Anne Whitman


KELLY, HERLIHY & KLEIN LLP

Dated: November 21, 2007         By_____/s/_____
                                         John T. Burnite
                                         Attorneys for Defendant
                                         UNUM GROUP

E:\27193\P06A.doc

-5-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

CASE NO. C07-04127 WHA