1 **TEAL & MONTGOMERY**
STEVEN O. TEAL   (Bar No. 58454)
2 MICHAEL S. HENDERSON   (Bar No. 175608)
815 Fifth Street, Suite 200
3 Santa Rosa, California  95404
Telephone:  (707) 525-1212
4 Facsimile:  (707) 544-1388

5 ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JO ANNE WHITMAN, | Case No. C 07-04127 WHA |
|---|---|
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 100, inclusive, | |
| Defendants. | |

  Plaintiff JO ANNE WHITMAN, for her complaint against defendants UNUM LIFE INSURANCE COMPANY OF AMERICA and DOES 1 through 100, inclusive, states as follows:

  1.   At all times relevant herein, plaintiff Jo Anne Whitman has resided and continues to reside in Marin County, California.

  2.   Upon information and belief, defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is a business entity incorporated under the laws of the State of Maine with its principal place of business located in Chattanooga, Tennessee.  At all times relevant herein, UNUM conducted business in the State of California as an insurance carrier, and marketed, advertised, distributed and sold its policies in the State of California.

///

3.    The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of court to amend this complaint to show the true names and capacities of these defendants when the same have been ascertained.

4.    At all times mentioned, each of the defendants named herein as a DOE was, and still is, legally responsible in some manner for the events and happenings herein alleged, and legally caused all of the injuries and damages to plaintiff as herein alleged.

5.    At all times herein mentioned, defendants, and each of them, were the agents, servants or employees of each of the other, and were acting within the course and scope of their agency and employment.  To the extent that DOES 1 through 100 were not acting in the capacity of an agent servant or employee, they are sued herein in their individual capacities.

6.    UNUM issued a disability insurance policy, policy #358672, under which plaintiff Jo Anne Whitman is insured (the "disability policy").  Under the disability policy, plaintiff is entitled to receive 60% of her pre-disability basic monthly earnings in the event she becomes disabled.  The disability policy states that an insured is disabled when: (1) the insured is limited from performing the material and substantial duties of his or her regular occupation due to sickness or injury; and (2) the insured has a 20% or greater loss of their indexed monthly earnings due to the same sickness or injury.  This definition of disability is applied for the first 36 months of the insured disability.  Thereafter, the disability policy defines disability to mean that the insured is unable to perform the duties of any gainful occupation for which the insured is reasonably fitted by education, training or experience.  "Material and substantial duties" is defined by the disability policy to mean those duties that are normally required for the performance of the insureds regular occupation and which cannot be reasonably admitted or modified.  "Regular occupation" is defined by the disability policy to mean the occupation of the insured is routinely performing when their disability begins.  Disability benefits commence after the first 180 days of disability.

///

7. In May of 2002, plaintiff Jo Anne Whitman became disabled due to hyperacusis and tinnitus causing disabling headaches, vertigo and imbalance. Due to this medical condition and resulting functional limitations, plaintiff has been completely unable to return to her pre-disability occupation of a teacher. Plaintiff's medical condition and resulting functional limitations further prevent her from performing any other occupation for which she would be reasonably fitted by education, training and experience.

8. UNUM initially approved and paid disability benefits to plaintiff. However, on March 14, 2003, UNUM wrote to plaintiff stating that benefits would not be paid beyond January1, 2003. At the time of this letter, plaintiff was still entitled to disability benefits under the policy, and UNUM's refusal to pay benefits beyond January 1, 2003 was a breach of its obligations under the policy.

9. Plaintiff appealed UNUM's decision. On July 1, 2003, UNUM wrote to plaintiff confirming its decision to refuse further disability benefits. At the time of this decision, plaintiff was still entitled to disability benefits under the policy, and UNUM's refusal to pay such benefits was a breach of its obligations under the disability policy.

10. Plaintiff, once again, appealed UNUM's decision. On October 9, 2003, UNUM wrote to plaintiff stating that it had completed its appeal review and had determined that its decision to refuse further disability benefits would be confirmed. At the time of this decision, plaintiff was still entitled to disability benefits under the policy, and UNUM's refusal to pay such benefits was a breach of its obligations under the policy.

11. Plaintiff, once again, appealed UNUM's decision. On April 6, 2004, UNUM wrote to plaintiff rejecting, again, her request that disability benefits be paid and confirming the previous decision to terminate such benefits. At the time of this decision, plaintiff was entitled to disability benefits under the policy, and UNUM's refusal to pay such benefits was a breach of its obligations under the policy.

12. On or about February 14, 2005, UNUM wrote to plaintiff advising her that as part of an agreement between UNUM and insurance regulators in forty-nine (49) jurisdictions as well as the United States Department of Labor, UNUM had agreed to reassess certain disability

claims which were denied or terminated on or after January 1, 2000. Plaintiff's claim fell within the group of claims UNUM had agreed to reassess. Plaintiff was given the option to participate in the claim reassessment process pursuant to the claim reassessment process, all claimants who elected to participate in the process would agree to abstain from or stay any litigation against UNUM until the completion of the process. It was further agreed that the statute of limitations would be tolled during the pendency of the claim reassessment process and that if the process resulted in a negative decision to the claimant, litigation could thereafter be commenced without waiver of or prejudice to the claimants rights.

13. Plaintiff promptly informed UNUM that she would participate in a claims reassessment process. On February 23, 2005, UNUM wrote to plaintiff advising that it had received plaintiff's election to participate in the claim reassessment process. UNUM further advised plaintiff that claims with the oldest denial or closure dates would be assessed first and that process could take two (2) years or more. UNUM advised it would send plaintiff a letter closer when her particular claim would be reassessed.

14. On September 28, 2006, UNUM wrote plaintiff advising that it was now ready to begin the assessment of plaintiff's claim. UNUM asked for updated information. UNUM also provided certain additional forms which it requested plaintiff fill-out and return.

15. Plaintiff filled out and returned the requested forms and supplied UNUM with updated medical information from her treating health care providers.

16. On May 23, 2007, UNUM wrote to plaintiff advising that it had completed the reassessment of her claim and had determined to confirm its decision denying her disability benefits. At the time of this decision, and throughout the pendency of the reassessment process, plaintiff was entitled to disability benefits under the policy. UNUM's refusal to pay such benefits was breach of its obligations under the policy.

17. Plaintiff continues to be entitled to disability benefits under the policy. UNUM's continued refusal to pay such benefits is a breach of its obligations under the policy. Further, UNUM's decision to refuse such benefits is wrongful, is without reasonable basis, proper cause, and constitutes a breach of UNUM's applied covenant of good faith and fair dealing.

I.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

1. Plaintiff realleges each and every paragraph above as though fully set forth herein.

2. Plaintiff is entitled to disability benefits under the policy according to its terms and conditions as construed by California law. Plaintiff has fully performed all obligations she has under the policy, accept for those which are unenforceable, or for which her performance is excused. UNUM has breached its obligation to plaintiff under the policy by wrongfully terminating plaintiff's benefits and by refusing to reinstate those benefits.

3. As a direct and proximate result of UNUM's breach, plaintiff has suffered damages in an amount according to proof, including but unlimited to the disability benefits due and owing with interest thereon.

4. Plaintiff has also suffered reasonably foreseeable consequential losses, including but not limited to emotional distress, financial hardship, and attorney fees and costs, all in a sum according to proof at the time of trial.

II.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

1. Plaintiff realleges each and every paragraph above as though fully set forth herein.

2. UNUM, by engaging in the business of insurance in the State of California, is subject to the covenant of good faith and fair dealing implied by law into its disability policy.

3. UNUM has breached the covenant of good faith and fair dealing by unreasonably withholding benefits due to plaintiff under the disability policy, and by refusing to reinstate those benefits, all without reasonable basis, proper cause, and without a reasonable timely and unbiased investigation.

///

///

4.      UNUM has further breached the implied covenant of good faith and fair dealing by reasonably and unnecessarily delaying payment of benefits clearly due and owing to plaintiff under the disability, and by violating its obligations under the Unfair Fair Claims Settlement Practices Act set forth in California Insurance Code §790.03 et seq. and the Fair Claims Settlement Practices regulations promulgated thereunder.

5.      As a direct and proximately result of UNUM's breach of the implied covenant of good faith and fair dealing, plaintiff has sustained injury and damages, including, but not limited the loss of benefits under the policy, consequential damages, emotional distress, and other general special damages according to proof.

6.      As a further direct and proximate result of defendant's conduct, plaintiff has been forced to retain the services of counsel, incurring fees and costs to secure the benefits to which she is entitled under the disability policy.

7.      UNUM's conduct is wilful and in direct violation of California law, and of UNUM's obligation to plaintiff under the disability policy.  Such conduct is despicable malicious, oppressive, fraudulent, intentional and was committed with the intent to vex or injure plaintiff and in conscious disregard of plaintiff's rights.

8.      Plaintiff is therefore entitled to an award of exemplary damages.

**WHEREFORE**, plaintiff prays for judgment against defendant as follows:

1.      Special damages according to proof;

2.      General damages according to proof;

3.      Consequential damages according to proof;

4.      Reasonable attorneys fees;

5.      Cost of suit incurred herein;

6.      Statutory interest;

7.      Punitive damages; and

8.      Such other and further relief as the court may deem just and proper.

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues, claims and causes of action so triable.

DATED:  January 3, 2007              TEAL & MONTGOMERY


                                     By:  _____/S/_____
                                          MICHAEL S. HENDERSON
                                          Attorney for Plaintiff