THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
          jtb@kelher.com

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANNE WHITMAN,<br><br>            Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No.:  C07-04127 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:**   **May 1, 2008**<br>**Time:**   **8:00 a.m.**<br>**Ctrm.**    **9** |

1    Defendant Unum Life Insurance Company of America ("Unum Life") submits this

2  memorandum of points and authorities in support of its motion for summary judgment as

3  follows:

4                                              **I**

5                                    **INTRODUCTION**

6    This matter arises out of a claim by plaintiff Jo Anne Whitman for disability benefits

7  under an employee welfare benefit plan entitled the Independent School Group Life and Long

8  Term Disability Insurance Trust – Schools of the Sacred Heart ("the Plan"). The Plan provided

9  benefits for eligible employees of the Schools of the Sacred Heart ("the School"). Benefits under

10 the Plan were provided in accordance with the provisions of a group insurance policy ("the

11 policy") issued by Unum Life to the trustees of The Independent School Group Life and Long

12 Term Disability Insurance Trust ("the Trust"). The School was a participant under the Trust.

13 The Summary Plan Description, which also is included in the policy, states: "The Plan described

14 in this Summary Plan Description is a 'Welfare Benefit Plan' for purposes of ERISA."

15 Furthermore, the Trust filed an annual report (Form 5500) on the School's behalf for compliance

16 with ERISA, as required by the United States Department of Labor and the Internal Revenue

17 Service. Since the Plan is governed by ERISA, plaintiff's claims for relief for breach of contract

18 and breach of the implied covenant of good faith and fair dealing are preempted. Accordingly,

19 Unum Life is entitled to judgment in its favor.

20    Notwithstanding the foregoing, plaintiff argues that the School is controlled by or

21 associated with a church or an association of churches and therefore the Plan falls within the

22 "church plan" exception to ERISA. However, the argument fails for several reasons. The

23 School's Human Resource Director (Juli Devincenzi) has confirmed that the School is not a

24 church organization and does not consider the Plan to be exempt from ERISA. Consistent with

25 this fact, the Trust records show that the Plan was set up as an ERISA plan, not a church plan.

26 A church plan is not required to file a Form 5500; the Trust has filed a Form 5500 on behalf of

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. C07-04127 WHA

1  the School. The School also files for itself an annual Form 5500 regarding its pension plan[1].

2  The School is not controlled by any church or religious organization; it is an independent school,

3  governed by its own independent Board of Trustees. None of the School's Board of Trustees is

4  appointed by any church or religious organization. The School establishes its own employment

5  practices and procedures, curriculum, budget, and academic calendar, without any church or

6  religious organization being involved in any of these processes. The School does not receive any

7  financial support or assistance from any church or religious organization. The School does not

8  have any denominational requirements for any of its employees or students. The School's

9  diversity is exemplified by the student body's wide-ranging religious creeds, including Catholic,

10 Jewish, Moslem and Buddist, among many others. Indeed, an atheist may be employed or be a

11 student at the School. The School is an Equal Opportunity Employer. In short, the Plan is not a

12 church plan; it is covered by ERISA.

## II

## UNDISPUTED FACTS

**A.    Relevant Policy and Summary Plan Description Provisions Regarding ERISA**

   **1.    Relevant Provisions of the Policy**

17     Unum Life Insurance Company of America ("Unum") issued a group insurance policy

18 number 358672-231 to the Trustees of the Independent School Group Life and LTD Insurance

19 Trust. (Declaration of William Amos, at 1:12-15). The School was a participating employer

20 under the Trust from June 1, 1997 to June 1, 2002. (Amos Declaration, at 1:9-11). The policy

21 provides coverage for "all employees of Schools of the Sacred Heart in active employment."

22 (Exhibit A to Amos Declaration, at p. 4).

23     The policy contains a Summary Plan Description ("SPD") for the School. (Amos

24 Declaration, 1:15-16). The SPD identifies the School as the Plan sponsor. (Amos Declaration,

25 1:17-19; see also Exhibit A thereto at page ERISA-2). The Plan is identified in the SPD as

---

[1] Unum Life requests that the court take judicial notice of the public record filing of the School's 2001 Form 5500 filing regarding its pension plan.

1   Independent School Group Life and Long Term Disability Insurance Trust – Schools of the

2   Sacred Heart. In accordance with ERISA, the SPD includes a section entitled "Your Rights

3   Under ERISA" and also states that "the Plan described in this Summary Plan Description is a

4   'Welfare Benefit Plan' for purposes of ERISA." (*Id.*, 1:19-21). The SPD states the School's

5   Employer Identification Number ("EIN") and the Plan Number (508). (*Id.*, at 1:21-22). The

6   SPD's inclusion of the School's EIN and the Plan Number confirms that the Plan was set up on

7   the Trust's records as an ERISA plan and not a church plan. (*Id.*, at 1:22-24.)

8          The SPD states the "Benefits are provided in accordance with the provisions of the Unum

9   Life Insurance Company of America group insurance policy." (Amos Declaration, at Exhibit A,

10  at page ERISA-2).

11          **2.      Background Regarding School's Participation in the Trust**

12          Independent School Management ("ISM") is a comprehensive management support firm

13  for private-independent schools in the United States. (Amos Declaration, 1:5-8). IMS developed

14  the Independent School Group Life and Long Term Disability Insurance Trust to provide a

15  purchasing collective of hundreds of private-independent schools for affordable insurance rates

16  and benefits. *Id.* ISM is not a religious organization. (Deposition of Juli Devincenzi, 157:6-8,

17  attached as Exhibit 1 to the Declaration of John T. Burnite).

18          **3.      The Certificate of Coverage and SPD**

19          A certificate of coverage was issued to employees of the School. (Amos Declaration,

20  2:1-3, Exhibit B thereto). Like the policy, the Certificate of Coverage (at pages 26-30) complies

21  with ERISA by including an SPD. (*Id.*, at 2:3-4). Like the policy, the SPD states "the Plan

22  described in this Summary Plan Description is a 'Welfare Benefit Plan' for purposes of ERISA."

23  (*Id.*, 2: 4-5).

24  **B.    The School's Human Resource Director States that the Plan Is Governed By ERISA**

25          Juli Devincenzi has been the School's Human Resource Director for the past nine years.

26  (Devincenzi deposition, 11:2-6, attached as Exhibit 1 to Burnite declaration). She has been

27  responsible as a "one-person department" for "all human resource activity, including benefits,

28  compensation, payroll and recordkeeping." (*Id.* at 11:7-11; 156:10-24). Ms. Devincenzi

-3-

1  informally (via telephone) and formally (via deposition) has told attorneys for plaintiff and

2  Unum Life that the School does not consider the Plan to be exempt from ERISA. (*Id.*, at 159:18-

3  20; 160:8-18; 161:22-24; 162:7-13).

4  **C.      The Trust Filed a 2001 Annual Report (Form 5500) on Behalf of School for the**

5  **Employee Welfare Benefit Plan, As Required by ERISA**

6          Employee benefit plans covered by ERISA are required to file annual reports (Form

7  5500) with the U.S. Department of Labor and the Internal Revenue Service. (Amos Declaration,

8  2:8-10). The Trust is designated for purposes of the Form 5500 as a group insurance

9  arrangement. (Amos Declaration, 2:10-11). Therefore, the Trust is a Direct Filing Entity "that

10 files Forms 5500 on behalf of participating employers such as Schools of the Sacred Heart to

11 satisfy their Form 5500 reporting obligation under ERSIA." (Amos Declaration, 2:11-13). Mr.

12 Amos has verified that the School was one of the participating schools for the Form 5500 filing

13 in 2001. (Amos Declaration, 2:13-15; Exhibit C thereto).

14 **D.      The School is Not Controlled by Any Church or Association of Churches**

15         The School is not controlled by any church or religious organization; it is an independent

16 school with its own independent board of trustees. (Devincenzi deposition, at 143:17-19, 21;

17 attached as Exhibit 1 to Burnite declaration). The School's relationship with an organization

18 called the Society of the Sacred Heart (also known as the Religious of the Sacred Heart) (herein

19 "Society") does not make the long term disability plan a church plan. The Society does not

20 appoint any member to the School's independent Board of Trustees. (*Id.*, at 165:18-20). The

21 Catholic Church does not appoint any members to the School's Board of Trustees. (*Id.*, at

22 164:17-25).

23 **E.      The School is Not Associated With any Church or Association of Churches**

24         There is no evidence in this matter to satisfy the three criteria necessary to show that the

25 School is associated with a church (i.e., the corporation must share common religious bonds and

26 convictions with that church or convention or association of churches.).

27         First, no religious institution plays any official role in the governance of the organization.

28 The School does not employ any priest, and no priest is on the Board of Trustees. (*Id.*, at 36:2-

8). No religious organization or institution sets the employment practices or policies of the School. (*Id.*, at 166:1-3). No religious organization or institution sets the School's curriculum. (*Id.*, at 37:1-17; 166:4-6). No religious organization or institution sets the academic calendar for the School. *Id.*, at 166:10-12). No religious organization or institution engages in the School's budget process. (*Id.*, at 37:1-17; 166:7-9). No religious organization or institution plays any role in the governance of the School's long term disability plan. (*Id.*, at 167:1-4).

The School receives accreditation as an educational institution from the California Association of Independent Schools ("CAIS"). (Exhibit 1 to Devincenzi deposition, at p.2, para. 5; attached as Exhibit 2 to Burnite Declaration). CAIS is not a religious organization. (Devincenzi deposition, at 138:5-13). The School also receives accreditation as an educational institution from the Western Association of Secondary Schools and Colleges ("WASC"). (Exhibit 1 to Devincenzi deposition; attached as Exhibit 2 to Burnite Declaration). WASC is not a religious organization. (Devincenzi deposition, at 139:3-5). The School also is a member of, and receives accreditation from, the National Association of Independent Schools ("NAIS"). (*Id.,* at 27:9-17). NAIS is not a religious organization. (*Id.*, at 27:9-17; 137:14-25). The School has other secular memberships. (*Id.*, at 138:1-4; see also Exh.1 thereto at p. 2, para. 6).

Second, the School does not receive any financial support or assistance from any church or religious organization. (*Id.*, at 33:1-7; 150:12-18).

Third, the School does not have any denominational requirements for any of its employees or students. (*Id.*, at 45:16-19; 141:10-15). The School is an Equal Opportunity Employer. (*Id.*, at 146:25 -147:47). The School's diversity is exemplified by the student body's wide-ranging religious creeds, including Catholic, Jewish, Moslem and Buddist, among many others. (*Id.*, at 150:6-8; see also Exhibit 8 thereto, attached as Exhibit 3 to Burnite Declaration.). An atheist indisputably can be employed or be a student at the School. (Devincenzi deposition, at 104:19-21; 149:2-8). Moreover, students can have "any faith in any God." (*Id.*, at 64:21-24). There is no ongoing religious education for the Staff of the School. (*Id.*, at 71:17-19).

**F.    The School Filed a 2001 Annual Report (Form 5500) For Its Separate Pension Plan**

The School also has a pension plan as evidenced by its 2001 public filing of a Form 5500,

1    in compliance with ERISA.  See, Burnite Declaration, para.5, Exhibit 4 thereto.  Unum Life

2    requests that the Court take judicial notice of this publicly available document.

3                                              III

4                         **PROCEDURAL BACKGROUND**

5        Plaintiff filed a complaint for breach of contract and breach of the implied covenant of

6    good faith and fair dealing in Marin County Superior Court on July 3, 2007.  The matter was

7    timely removed to the United States District Court, Northern District of California.  Unum Group

8    answered the complaint and asserted, among other affirmative defenses, that it was an improper

9    party.  Pursuant to stipulation, plaintiff filed a First Amended Complaint and substituted Unum

10   Life as defendant (instead of Unum Group).  The parties also stipulated that the answer filed by

11   Unum Group would be deemed filed by Unum Life.  Unum Life's affirmative defenses include

12   failure to state facts sufficient to state any claim for relief (first affirmative defense) and that

13   plaintiff's purported claims for alleged breach of contract and/or breach of the implied covenant

14   of good faith and fair dealing are preempted by ERISA (eighteenth affirmative defense).

15                                             IV

16                           **LEGAL ANALYSIS**

17       The Employee Retirement Income Security Act of 1974 ERISA, as amended, 29 U.S.C.

18   Section 1001, et seq. ("ERISA") is a "'comprehensive statute designed to promote the interests of

19   employees and their beneficiaries in employee benefit plans.'" *Ingersoll-Rand Co. v. McClendon,*

20   498 U.S. 133, 137, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990) (quoting *Shaw v. Delta Air Lines,*

21   *Inc.,* 463 U.S. 85, 90, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983)).

22   **A.      The Plan Falls Under ERISA; It Is Not A Church Plan**

23           **1.      Definitions of Employee Welfare Benefit Plan and Church Plan**

24           ERISA defines an employee welfare benefit plan as:

25               Any plan, fund, or program which . . . is established or maintained by an employer or

26               employee organization . . . to the extent that such plan, fund or program was

27               established or is maintained for the purpose of providing for its participants or their

28               beneficiaries through the purchase of insurance . . . or otherwise, (A) medical,

                                              -6-

1    surgical, or hospital care or benefits or benefits in the event of sickness, accident,

2    disability or death or unemployment. . . .

3    29 U.S.C. Section 1003.  Here, the Plan is governed by ERISA, without exception.

4    A church plan means a plan established and maintained "for its employees (or their

5    beneficiaries) by a church or by a convention or association of churches."  *Id.* § 1002(33)(A).  A

6    church plan does not include all plans maintained by a church.  The statute specifically excludes

7    plans established and maintained primarily for the benefit of those "who are employed in

8    connection with one or more unrelated trades or businesses."  *Id.* § 1002(33)(B)(I).  *Lown v.*

9    *Continental Cas. Co.*, 238 F.3d 543, 547 (4th Cir. 2001).  Church plans are "maintained by an

10    organization, whether a civil law corporation or otherwise, . . . if such organization is controlled

11    by or associated with a church or a convention or association of churches."  *Id.* § 1002(33)(C)(i).

12    **2.    The School is Not Controlled By a Church**

13    An organization is controlled by a church when, for example, a religious institution

14    appoints a majority of the organization's officers or directors.  26 C.F.R. § 1.414(e)-1(d)(2)

15    (2000).  Here, no church or religious organization appoints any of the School's trustees to the

16    board.  Furthermore, no church or religious organization sets the School's employment practices

17    or procedures, establishes the curriculum, or participates in any budgeting.

18    **3.    The School is Not Associated With a Church**

19    To be "associated with a church," the corporation must share "common religious bonds

20    and convictions with that church or convention or association of churches." 29 U.S.C.

21    §1002(33)(C)(iv).  In deciding whether an organization shares such common bonds and

22    convictions with a church, three factors bear primary consideration: 1) whether the religious

23    institution plays any official role in the governance of the organization; 2) whether the

24    organization receives assistance from the religious institution; and 3) whether a denominational

25    requirement exists for any employee or patient/customer of the organization.  *Lown v.*

26    *Continental Cas. Co.*, 238 F.3d 543, 548 (4th Cir. 2001); *Chronister v. Baptist Health*, 442 F.3d

27    648, 652 (8th Cir. 2006).  In the present matter, none of the factors are satisfied.  *See, supra,*

28    4:26-5:28.

-7-

1    In *Lown*, an employee under an employee welfare benefit plan claimed that the federal
2  court lacked subject matter jurisdiction over her case because her long-term disability plan was a
3  church plan not governed by ERISA. *Lown*, 238 F.3d at 545. However, the court held that
4  Baptist Healthcare's long-term disability benefits plan did not qualify as a church plan under
5  ERISA because Baptist Healthcare was not controlled by a church or convention nor were there
6  common religious bonds and convictions between the two entities. *Id.* at 548. There, Lown
7  worked for Baptist Healthcare System of South Carolina, Inc., which until 1993 had been
8  affiliated with the South Carolina Baptist Convention, a group of state Baptist churches. After
9  1993, Baptist Healthcare did not receive any funding from either the Southern Baptist
10  Convention or the South Carolina Baptist Convention. Moreover, Baptist Healthcare served
11  individuals of all faiths and creeds. Lown pointed to only one fact potentially tying Baptist
12  Healthcare to the South Carolina Baptist Convention -- Baptist Healthcare's participation in a
13  pension plan that the hospital treated as a church plan. This fact, however, did not establish a
14  common bond between the two entities. *Lown* at 548. A key witness testified that Baptist
15  Healthcare's participation in the pension plan was a "purely business relationship." *Id.* In the
16  present matter, the School also has a pension plan. However, unlike *Lown*, the School classifies
17  its pension plan as an ERISA governed plan, as evidenced by its Form 5500 filing in 2001.
18  Furthermore, this fact is consistent with the School's Human Resource Manager's statements
19  that the School's employee welfare benefit plan falls under ERISA.
20    In *Chronister*, the Eighth Circuit adopted the *Lown* three-part test to determine whether a
21  nonprofit hospital's disability plan fit into the "church plan" exception to ERISA. *Chronister*,
22  442 F.3d at 653. There, Chronister worked for Baptist Health, a nonprofit corporation that
23  owned and operated hospitals. The insurer in *Chronister* argued that ERISA governed the plan,
24  but Chronister contended that the plan fit within the "church plan" exception. "Specifically,
25  Chronister point[ed] out that Baptist Health requires its CEO, its board of directors, and its
26  chaplains to be members of Baptist churches. Baptist Health's management is instructed to
27  follow religious principles, and under Baptist doctrine ... Moreover, if Baptist principles and
28  secular medicine conflict, Baptist principles control, i.e. in the case of abortion." *Id.* at 652.

-8-

1   Additionally, "[t]he CEO refer[ed] to Baptist Health as a Christian organization that operates a

2   healing ministry where all management employees are expected to be spiritual leaders as

3   determined by Christian principles," and "all management employees [must] attend a seminar

4   entitled 'Spiritual Dimensions of Leadership.'" *Id.* at 653. Despite these ties to the Baptist

5   church, the court, applying the *Lown* factors, found that Baptist Health's long-term disability

6   benefits plan was not a "church plan," and was therefore governed by ERISA. *Id.* Thus, in the

7   present matter, the School's inclusion of religious education in its curriculum does not satisfy the

8   *Lown* factors. More importantly, none of the evidence can overcome the Plan's filing of Form

9   5500 (through the Trust) which indisputably demonstrates ERISA's applicability to this matter.

10       **4.**     **Plans Covered by ERISA Are Required to File Annual Reports (Form 5500)**

11       Employee benefit plans covered by ERISA are required to file annual reports (Form

12   5500) with the U.S. Department of Labor and Internal Revenue Service. ERISA Sections 104

13   and 4065 and IRS Code Sections 6039D, 6047(e), 6057(b), and 6058(a). Here, the Trust is

14   designated for purposes of the Form 5500 as a group insurance arrangement. (Amos

15   Declaration, 2:10-11). Therefore, the Trust is a Direct Filing Entity "that files Forms 5500 on

16   behalf of participating employers such as Schools of the Sacred Heart to satisfy their Form 5500

17   reporting obligation under ERSIA." (Amos Declaration, 2:11-13). Mr. Amos has verified that

18   the School was one of the participating schools for the Form 5500 filing in 2001. (Amos

19   Declaration, 2:13-15). These facts, coupled with the School's filing of Form 5500 for its pension

20   plan, indisputably show that ERISA governs the Plan.

21   **B.**     **Plaintiff's Claims for Relief are Preempted by ERISA**

22       ERISA provisions "supersede any and all State law insofar as they may now or hereafter

23   relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (emphasis added). A state law

24   cause of action is preempted by ERISA if it "relates to" an employee benefit plan. 29 U.S.C. §

25   1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987). "A

26   law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection

27   with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138, 112 L.

28   Ed. 2d 474, 111 S. Ct. 478 (1990) (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 77

1  L. Ed. 2d 490, 103 S. Ct. 2890 (1983)). *Pilot Life* court stated that Section 1132 (the private

2  enforcement provision), is "the exclusive vehicle for actions by ERISA-plan participants and

3  beneficiaries asserting improper processing of a claim for benefits." *Pilot Life*, 481 U.S. at 52.

4     Common law contract and tort claims are pre-empted by ERISA. *Pilot Life Ins. Co. v.*

5  *Dedeaux*, 481 U.S. at 57; see also, *See e.g. Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003,

6  1007-08 (9th Cir. 1998); *Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 494 (9th Cir.

7  1988) (holding that the plaintiffs' state common law causes of actions for breach of contract and

8  breach of the duty of good faith and fair dealing, as well as a statutory cause of action for unfair

9  insurance practices under the California Insurance Code were preempted by ERISA).

10  **V**

11  **CONCLUSION**

12     Since ERISA governs this matter, and the criteria for a "church plan" exemption are not

13  met, plaintiff's claims for breach of contract and breach of the implied covenant of good faith

14  and fair dealing are preempted.  Accordingly, Unum Life is entitled summary judgment pursuant

15  to Federal Rules of Civil Procedure, Rule 56.

16

17                      KELLY, HERLIHY & KLEIN LLP

18

19  Dated: March __, 2008            By_____

20                           John T. Burnite
                          Attorneys for Defendant
21                        UNUM LIFE INSURANCE COMPANY OF
                          AMERICA
22

23  E:\27193\P12.doc

24

25

26

27

28

-10-