THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
Tel.: (415) 433-0990
Fax: (415) 434-1370
Email: thomas.herlihy@wilsonelser.com
       john.burnite@wilsonelser.com

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANNE WHITMAN,<br><br>            Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No.:  C07-04127 WHA<br><br>**REPLY BY UNUM LIFE INSURANCE COMPANY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    May 1, 2008<br>Time:   8:00 a.m.<br>Ctrm.:   9 |

348210.1

CASE NO. C07-04127 WHA

Defendant Unum Life Insurance Company of America ("Unum Life") submits its reply to plaintiff's opposition to the motion for summary judgment as follows:

## INTRODUCTION

Plaintiff's opposition brief does not contest the applicability of ERISA preemption of her claims in this matter, if the matter is governed by ERISA.

For the reasons set forth in Unum Life's opening papers, this matter is governed by ERISA. Plaintiff obviously tries to distance herself from two cases, *Lown v. Continental Cas. Co.*, 238 F.3d 543, 548 (4th Cir. 2001) and *Chronister v. Baptist Health*, 442 F.3d 648, 652 (8th Cir. 2006) because the analysis and conclusions therein do not help her arguments. Under *Lown* and *Chronister*, plaintiff is unable to show evidence of a church plan in this matter. So, she instead turns to Department of Labor advisory/opinion letters. The advisory letters, however, predate the *Lown* and *Chronister* decisions. Moreover, the advisory letters are based upon representations made by the organizations affirmatively seeking church plan status. Here, to the contrary, the Schools of the Sacred Heart ("the School") repeatedly has asserted that it is not a church organization.

The School is neither controlled by or associated with a church as those terms are used in the ERISA statute. Thus, the School's welfare benefit plan is governed by ERISA; it is not a church plan. Indeed, the School does not take any directorates from any church or religious organization regarding its employment policies and practices, the School sets its own academic curriculum, and has its own independent Board of Trustees. Moreover, The School does not limit its employment hiring or academic admissions to any particular religious affiliation.

Notwithstanding plaintiff's attempt to avoid *Lown* and *Chronister,* she cites two district court cases (also outside the Ninth Circuit). One case (*Catholic Charities of Maine, Inc. v. City of Portland,* 304 F.Supp.2d 77 (Dist. Me. 2004) favorably cites *Lown*. The other case (*Torres v. Bella Vista Hospital, Inc.,* 523 F. Supp.2d 123 (Dist. Puerto Rico 2007) follows both *Lown* and *Chronister*.

Plaintiff does not dispute that the School filed Form 5500's for its welfare benefit plan (and its pension plan). These filings are only required plans governed by ERISA; church plans do not file a Form 5500.

With respect to plaintiff's argument regarding a Section 410 election, she puts the cart before the horse. The Section 410 election is triggered only if there is a church plan. The overwhelming evidence in this case, as cited in the opening papers, shows that there is not church plan in this matter.

## LEGAL ANALYSIS

### 1. There is No Church Plan in This Matter

A church plan is "a plan established and maintained...for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of the Internal Revenue Code." 29 U.S.C. §1002(33)(A). Here, there is no evidence that a church or organization established or maintained the subject Plan. The School, through Independent School Management's services, established and maintained the Plan.

Under ERISA "church plans" include plans "maintained by an organization, whether a civil law corporation or otherwise, ...if such organization is *controlled by* or *associated with* a church or a convention or association of churches." 29 U.S.C §1002(33)(C)(i) [emphasis added].

### A. The School Is Not Controlled By a Church

Although the ERISA statute does not define "controlled by," 26 C.F.R. §1.414(e)-1(d)(2) (2000) states that an organization is controlled by a church when, for example, a religious institution appoints a majority of the organization's officers or directors. See also *Lown, supra* at 547. No such facts exist in the present matter.

Plaintiff suggests that *Catholic Charities of Maine, Inc. v. City of Portland*, 304 F. Supp.2d 77 (Dist. Me. 2004) should be considered to interpret the phrase "controlled by" as used in ERISA regulations. Yet, plaintiff concedes that the court never decided the control issue, instead evaluating the "associated with" provision, guided in part by *Lown*. The court implied that there may have been control by the church because key positions were held by the Diocesan

-2-

Bishop of Portland and a Vicar General, or appointed by them. However, there are no such similar facts in the present matter.

### B. The School Is Not Associated With a Church.

In *Catholic Charities*, the court concluded there was an association because the social services organization was "an organization of the Dioceses of Portland" and the Dioceses provided financial assistance on an annual basis. In the present matter, the School indisputably is not an archdiocese school, and does not receive any financial assistance from any Church or religious organization. As plaintiff concedes, the School is not an archdiocese school. There is no denominational requirement for employment or admission to the student body. See, *Lown*. The School is not controlled by any church or religious organization; it is an independent school with its own independent board of trustees. (Devincenzi deposition, at 143:17-19, 21). The Society of the Sacred Heart (also known as the Religious of the Sacred Heart) (herein "Society") does not does not appoint any member to the School's independent Board of Trustees. (*Id.*, at 165:18-20). The Catholic Church does not appoint any members to the School's Board of Trustees. (*Id.*, at 164:17-25). None of the factors articulate in *Lown* or *Chronister* are satisfied.

Plaintiff relies on factually dissimilar advisory opinion letters. For example one opinion letter (in 1990) involved a college wherein the corporation's members consisted of the "General Council of the Order" elected by its membership. At least one third of the total number of seats on the board of directors had to be held by members of the Order. A majority of members on the administrative committee were members of the Order. No such similar facts exists in the present matter; the School has an Independent Board. These letters represent organizations' efforts to seek and obtain church plan status. In the present matter, the School says that it is not a religious organization. Its Form 5500 filings are consistent with that understanding.

### C. There is No Section 410 Filing Requirement If There Is No Church Plan

Plaintiff cites *Torres v. Bella Vista Hospital, Inc.*, 523 F. Supp.2d 123 (D.P.R. 2007) regarding the provision of ERISA requiring a Section 410 election. However, if there is no church plan, as the evidence shows in this case, then no Section 410(d) election is required. *Id.* Furthermore, it is worth noting that *Torres*, following *Lown* and *Chronister*, concluded that there

-3-

1 was no proof of a church plan in that case. *Id*. at 145. Thus, the issue of a 410 election was
2 moot therein.
3      Plaintiff's argument that the school may have mistakenly filed a Form 55000 Form
4 makes no sense. The top of the form clearly states that it is required for ERISA compliance.
5 Furthermore, the filing of Form 5500 further demonstrates that there is no church plan, and that
6 the School never wanted its Plan to be treated as a church plan. Thus, plaintiff's Section 410
7 argument, like *Torres*, is rendered moot.

                              WILSON, ELSER, MOSKOWITZ, EDELMAN &
                              DICKER LLP

Dated: April __, 2008                   By_____/s/_____
                                    John T. Burnite
                                    Attorneys for Defendant
                                    UNUM LIFE INSURANCE
                                    COMPANY OF AMERICA